IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ANNJA TOPOLSKI,

    Plaintiff,

vs.                                       Case No. 11-2495-JTM

CHRIS LEEF GENERAL AGENCY
INCORPORATED, AND GARY PETERSON,

    Defendants.

MEMORANDUM AND ORDER

    Plaintiff's Motion for Default Judgment (Dkt. No. 7) and defendants Chris-Leef General Agency, Inc. and Gary Peterson's Motion to Set Aside Clerk's Entry of Default Judgment and Motion for Leave to File Answer or Responsive Pleading Out of Time (Dkt. No. 8) are before the court. For the following reasons, the court denies the plaintiff's motion and grants the defendants' motions.

**I. Factual Background**

    The plaintiff, Annja Topolski, filed her Complaint in the above-titled case against defendants Chris Leef General Agency, Inc. (Chris-Leef) and Gary Peterson on August 30, 2011. Plaintiff served both defendants on September 2, 2011, by certified mail. Sarah Frass, a reception for Chris-Leef, accepted two envelopes containing the summons and Complaint for both defendants. The two

envelopes had certified mailing receipts, which Ms. Frass signed. Ms. Frass believes the postman kept the return receipts. Thereafter, she gave the envelopes to Christopher Peterson, Vice-President of Chris-Leef. Mr. Peterson opened the envelopes and found the Complaint and summons, but did not realize they had been delivered by certified mail. On September 6, Mr. Peterson emailed both documents to Chris-Leef's insurance company. The email did not state that either Chris-Leef or Gary Peterson had been served or that the documents were received by certified mail. On October 3, defendants retained the firm of Dysart, Taylor, Cotter, McMonigle & Montemore, P.C., to represent them in this case. At that point, counsel realized the defendants' Answer was due on September 23, that plaintiff had obtained a Clerk's Entry of Default (Dkt. No. 6), and that plaintiff had filed for default judgment (Dkt. No. 7). Defendants filed their Motion to Set Aside Clerk's Entry of Default on October 5 (Dkt. No. 8). In the motion, defendants argue (1) that plaintiff failed to serve properly defendant Peterson, and (2) that defendants failed to act because of excusable neglect.

## II. Analysis

### A. Setting Aside Entry of Default and Leave to Answer Out of Time

Fed. R. Civ. P. 6(b)(1)(B) provides in part that: "When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of *excusable neglect*." (emphasis added). Under Rule 55(c) the court may set aside an entry of default for *good cause*. The excusable neglect standard of Rule 6(b) is a higher standard for the defaulting party to meet than the good cause standard of Rule 55(c). *Scott v. Power Plant Maint. Specialists, Inc.*, No. 09-CV-2591, 2010 WL 1881058, at *4 (D.

Kan. May 10, 2010).[1] Thus, this court will first analyze whether the defendant has met the "excusable neglect" standard of Rule 6(b).

"[I]t is clear that 'excusable neglect' under Rule 6(b) is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392 (1993). The court considers several factors in determining what actions constitute excusable neglect. These factors are: "(1) the danger of prejudice to the opposing party, (2) the length of delay caused by the neglect and its impact on judicial proceedings, (3) the reason for delay and whether it was in the reasonable control of the moving party and (4) the existence of good faith on the part of the moving party." *Scott*, 2010 WL 1881058, at *2 (citing *Hamilton v. Water Whole Intern. Corp.*, 302 Fed. App'x 789, 798 (10th Cir. 2008)).[2] The reason for the delay in filing the answer is "important, if not the most important, factor in this analysis." *Id.* (citing *United States v. Torres*, 372 F.3d 1159, 1163 (10th Cir. 2004)).

1. Danger of Prejudice to Plaintiff and Length of Delay

The Answer was due on September 23, 2011, and defendants filed this motion on October 5, a period of twelve days. Defendants argue plaintiff has not been prejudiced because of this short delay and plaintiff does not argue she suffered prejudice. This court has found no prejudice in cases involving longer delays. *See, e.g.*, *Lewis v. Sprint Nextel*, No. 08-2458, 2008 WL 5263782, at *2 (D.

---

[1]The Tenth Circuit analyzes excusable neglect under Rule 6(b) the same as it does under Rule 60(b). *See United States v. Torres*, 372 F.3d 1159, 1163 (10th Cir. 2004).

[2]Generally, the court considers three factors when determining good cause under Rule 55(c): "(1) whether the default was the result of culpable conduct of the defendant, (2) whether plaintiff would be prejudiced if the default should be set aside, and (3) whether the defendant presented a meritorious defense." *Hunt v. Ford Motor Co.*, No. 94-3054, 1995 WL 523646, at *3 (10th Cir. Aug. 29, 1995).

Kan. Dec. 5, 2008) (finding that a delay of approximately one month from the original answer deadline and the motion for leave to file answer out of time was not prejudicial); *see also Alsbrooks v. Collecto, Inc.*, No. 10-2271, 2010 WL 4067145, at *2 (D. Kan. Oct. 15, 2010) (stating, "[w]ithout more, delays of two months have been found to be 'relatively innocuous.'") (quoting *Welch v. Centex Home Equity Co., L.L.C.*, No. 03-2132, 2004 WL 2348295, at *1 (D. Kan. Apr. 23, 2004)). Because defendants' delay was only 12 days, and plaintiff argues no prejudice, these factors weigh in favor of the defendants.

2. Reason for Delay

The reason for delay is often the decisive factor in determining excusable neglect. *Torres*, 372 F.3d at 1163. Additionally, a party must allege specific facts to show excusable neglect. *Quigley v. Rosenthal*, 427 F.3d 1232, 1238 (10th Cir. 2005); *see also Potter v. Health Care Auth.*, No. 03-1326, 2006 WL 580986, at *4-6 (D. Kan. Mar. 8, 2006) (holding that plaintiff had failed to allege a specific or convincing explanation to establish excusable neglect). The Tenth Circuit holds that, "inadvertence, ignorance of the rules, and mistakes construing the rules do not constitute excusable neglect for purposes of Rule 6(b)." *Scott*, 2010 WL 1881058, at * 3 (citing *Quigley*, 427 F.3d at 1238). However, inadvertent delays in filing may qualify as excusable neglect in certain situations. *See Griffin v. Suthers*, 156 Fed. App'x 66, 72 (10th Cir. 2006) (citing *Pioneer*, 507 U.S. at 391-92).

This district has provided several recent examples of what constitutes excusable neglect. *See Espy v. Mformation Techs.*, No. 08-2211, 2009 WL 2912506, at *11 (D. Kan. Sept. 9, 2009) (providing a list of cases). Excusable neglect did exist in *Mohankumar v. Dunn*, when the lawyer's support staff made a clerical error in recording the due date. No. 97-1555, 1999 WL 1253053, at *1

(D. Kan. Dec. 22, 1999). Similarly, the court found excusable neglect when there was a miscommunication within the attorney's office about the due date coupled with the attorney's unfamiliarity with the local rules. *White v. O'Dell Indus., Inc.*, No. 99-2315, 2000 WL 127267, at *2 (D. Kan. Jan. 14, 2000).

But, courts have refused to find excusable neglect when the mistake was caused by a failure to read the rules or a lawyer's error in interpreting the rules. *See City of Shawnee, Kan. v. Argonaut Ins. Co.*, No. 06-2389, 2008 WL 2699906, at *4 (D. Kan. Jul. 2, 2008) (misinterpretation of rules); *Thomas v. Bd. of Educ., Unified Sch. Dist. #501*, 177 F.R.D. 488, 490-91 (D. Kan. 1997) (failure to read rules). Similarly, excusable neglect does not exist merely because counsel disregarded the deadline because of a heavy caseload. *Ghamrawi v. Case & Assocs. Props. Inc.*, 116 Fed. App'x 206, 210 (10th Cir. 2004); *Almond v. Unified Sch. Dist. #501*, No. 07-4064, 2008 WL 1773863, at *4 (D. Kan. Apr. 16, 2008). Further, missing a deadline because of a tactical decision does not constitute excusable neglect. *Lewis v. Herrman's Excavating, Inc.*, 200 F.R.D. 657, 660 (D. Kan. 2001).

The circumstances here show that the delay was excusable and not through any fault of defense counsel. Defendants received the Complaint on September 2. Mr. Peterson emailed the documents to Chris-Leef's insurance carrier on September 6, without indicating defendants had been served or that the documents were mailed by certified mail. As such, it appears neither Chris-Leef nor the insurance company were aware the clock had started ticking. Upon realizing their oversight, defendants promptly retained the firm of Dysart, Taylor, Cotter, McMonigle & Montemore, P.C., on October 3, and this motion was filed two days after. Unlike the cases in which this court has found inexcusable delay, defendants did not miss the filing deadline because of counsel's error or tactical decision. *See City of Shawnee, Kan.*, 2008 WL 2699906, at *4; *Thomas v. Bd. of Educ.*, 177

F.R.D. at 490-91. Rather, it appears inadvertent actions taken within Chris-Leef, including removing the certified mailing receipt, allowed the summons and Complaint to slip temporarily through the cracks. This court finds this factor weighs in the defendants' favor.

### 3. Existence of Good Faith

The last factor is whether the movant acted in good faith. No evidence exists to suggest that the defendant moved for leave to file its answer out of time in bad faith or that it failed to file an answer in bad faith. Absent a finding of good or bad faith, this factor is neutral. *See Maberry v. Said*, No. 94-2416, 1996 WL 442046, at *3 (D. Kan.1996).

Weighing the above factors, this court finds defendants have established excusable neglect under Rule 6(b) and may file their Answer out of time. Because the excusable neglect standard is higher than the good cause standard of 55(c), the defendants have also shown good cause to set aside the Clerk's Entry of Default (Dkt. No. 6).[3] As such, plaintiff's Motion for Default Judgment is denied.

### B. Service on Gary Peterson

Next, defendants argue entry of default should be set aside as to defendant Peterson because service on him was not proper. Because this court found excusable neglect above, it is unnecessary

---

[3] Although plaintiff argues this court must analyze this case under the good cause standard of Rule 55(c), as noted above, the excusable neglect standard of Rule 6(b) is a higher standard. Therefore, the court need not independently determine whether the defendants established good cause.

to decide the service of process issue.[4]

**III. Conclusion**

In sum, the defendants have shown excusable neglect under Rule 6(b). The length of delay was only 12 days, and the plaintiff has suffered no prejudice. Furthermore, the reason for the delay was not counsel's fault or any other person's conscious choice. Because defendants have established excusable neglect, they have also shown good cause under 55(c). Therefore, defendants' motions are granted and plaintiff's motion is denied.

IT IS ACCORDINGLY ORDERED this 23rd day of November 2011, that plaintiff's Motion for Default Judgment (Dkt. No. 7) is denied, and defendants Chris-Leef General Agency, Inc. and Gary Peterson's Motion to Set Aside Clerk's Entry of Default Judgment and Motion for Leave to File Answer or Responsive Pleading Out of Time (Dkt. No. 8) are granted.

IT IS FURTHER ORDERED that defendants must file their Answer by December 9, 2011.


s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE

---

[4]The court notes, however, that the service on Gary Patterson, even if defective, was likely sufficient under Kan. Stat. Ann. 60-204. Substantial compliance with the requirements of service and awareness of the action are all that is necessary under § 60-204. *Pedi Bares, Inc. v. P & C Food Markets, Inc.*, 567 F.2d 933, 936 (10th Cir. 1977); *Fulcher v. City of Wichita*, 445 F. Supp.2d 1271, 1275 n.1 (D. Kan. 2006) ("Before there can be valid service pursuant to K.S.A. 60-204, there must be substantial compliance with some method of service and, thereafter, irregularities and omissions will be cured by awareness of the action.").