IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ANNJA TOPOLSKI,

          Plaintiff,

          vs.                           Case No. 11-2495-JTM

CHRIS LEEF GENERAL AGENCY
INCORPORATED, AND GARY PETERSON,

          Defendants.

MEMORANDUM AND ORDER

Before the court is defendants Chris Leef General Agency, Inc., and Gary Peterson's Partial Motion to Dismiss for Failure to State a Claim (Dkt. No. 15). The plaintiff, Annja Topolski, seeks to recover for employment discrimination and sexual harassment in violation of Title VII and for violations of state law. Both defendants move for dismissal on Counts I, II, III, IV, VI (application of the doctrine of respondeat superior against Chris Leef), and VII. Additionally, Mr. Peterson seeks dismissal of Counts V and VI separately. For the following reasons, the court grants in part and denies in part the motion.

**I. Factual Background**

Ms. Topolski began working for Chris Leef in October 2001, and worked there until she was fired on September 7, 2010. At all relevant times Gary Peterson, owner and sole shareholder of Chris Leef, was her supervisor. Ms. Topolski alleges she was subjected to an ongoing and daily hostile

work environment because of her sex. She contends the hostile environment included, but was not limited to:

> a. Being yelled at by Gary Peterson in front of Plaintiff's co-workers.
> b. Being belittled by Gary Peterson in front of other workers.
> c. Being told to shut the "f" up in front of other coworkers.
> d. Being subjected to vulgar profanities, including the "F" word, by Gary Peterson while Plaintiff was doing her work.
> e. Being subjected to unwanted sexual advances by Gary Peterson, including unwanted physical touches.
> f. Being forced to listen to Defendant Peterson tell stories about his sexual exploits and extra-marital affairs.
> g. Being passed over for promotion while other employees who engaged in sexual relations with Defendant Peterson received financial remuneration and thereby was denied that salary and those benefits due one performing the duties of a supervisor to include plaintiff;
> h. Being given excessive and burdensome work tasks and supervisory responsibilities without compensation, and included goals and demands for production which were not imposed on male employees

Dkt. No. 1, pgs. 3-4. She contends Mr. Peterson fired her after she told him his behavior was inappropriate and for refusing to sign an unconscionable non-compete agreement. Ms. Topolski has asserted the following claims against defendants: Count I negligent infliction of emotional distress; Count II assault; Count III invasion of privacy; Count IV negligent supervision; Count V hostile work environment on the basis of sex; Count VI disparate treatment and discrimination on the basis of sex; Count VI application of the doctrine of respondeat superior against Chris Leef; and Count VII wrongful termination.

**II. Legal Standard: Failure to State a Claim**

Fed. R. Civ. P. 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The complaint must give the defendant

adequate notice of what the plaintiff's claim is and the grounds of that claim. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). This simplified notice pleading rule is justified because of the liberal discovery rules and availability of summary judgment to dispose of unmeritorious claims. *Id.*

"In reviewing a motion to dismiss, this court must look for plausibility in the complaint . . . . Under this standard, a complaint must include 'enough facts to state a claim to relief that is plausible on its face.'" *Corder v. Lewis Palmer Sch. Dist No. 38*, 566 F.3d 1219, 1223-24 (10th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (clarifying and affirming *Twombly's* probability standard). Allegations that raise the specter of mere speculation are not enough. *Corder*, 566 F.3d at 1223-24. The court must assume that all allegations in the complaint are true. *Iqbal*, 129 S. Ct. at 1936-37. "The issue in resolving a motion such as this is 'not whether [the] plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims.'" *Bean v. Norman*, No. 008-2422, 2010 WL 420057, at *2 (D. Kan. Jan. 29, 2010) (quoting *Swierkiewicz*, 534 U.S. at 511). The Tenth Circuit utilizes a two-step process when analyzing a motion to dismiss. *Hall v. Witteman*, 584 F.3d 859, 863 (10th Cir. 2009). First, the court must identify conclusory allegations not entitled to the assumption of truth. *Id.* Second, the court must determine whether the remaining factual allegations plausibly suggest the plaintiff is entitled to relief. *Id.*

### III. Analysis

#### A. Negligent Infliction of Emotional Distress

Defendants seek dismissal of this claim arguing Ms. Topolski failed to plead the necessary physical injury. Under Kansas law "there can be no recovery for emotional distress suffered by the plaintiff which is caused by the negligence of the defendant unless it is accompanied by or results in physical injury to the plaintiff." *Hoard v. Shawnee Mission Med. Ctr.*, 233 Kan. 267, 274, 662 P.2d 1214, 1219-20 (1983). Ms. Topolski argues the claim should not be dismissed because she has alleged that defendants "engaged in tortious and injurious actions." Dkt. No. 1, ¶ 30.

Under the rather lenient 12(b)(6) standard with a focus on plausibility, Ms. Topolski has alleged sufficient physical injury at this stage. It is plausible that the words "injurious actions" encompass physical injury. And the cases cited by defendants are unpersuasive because they involved claims in which the plaintiff either agreed that she suffered no physical injury or adduced no showing of physical injury at summary judgment. *See Lehman v. Mid Am. Aviation Servs., Inc.*, No. 05-2489, 2006 WL 1794760, at *4 (D. Kan. June 26, 2006) (granting dismissal because plaintiff conceded she had no physical injury); *Ware ex rel. Ware v. ANW Special Educ. Co-op No. 603*, 39 Kan. App.2d 397, 411-12, 180 P.3d 610, 619-20 (2008) (granting summary judgment because plaintiff failed to show physical injury). Therefore, at this stage in the litigation, defendants' motion to dismiss as to Count I is denied.

#### B. Assault

Defendants argue the assault claim should be dismissed because it was not brought within the one year statute of limitations. Ms. Topolski agrees but requests the court grant the dismissal

without prejudice in case facts are discovered during discovery which would warrant tolling under Kan. Stat. Ann. § 60-517. Although the court doubts the potential future applicability of § 60-517, it will grant the motion and dismiss the assault claim without prejudice.

### C. Invasion of Privacy

In Count III, Ms. Topolski alleges an intrusion upon seclusion invasion of privacy claim against the defendants because Mr. Peterson "physically intruded upon Plaintiff's seclusion when he physically touched her and assaulted her." Dkt. No. 1, ¶ 43. Defendants contend the claim as plead must be dismissed because it fails to allege that Mr. Peterson intruded upon private matters that would be highly offensive to a reasonable person.

"Under Kansas law, an intrusion upon private interests is actionable if the intrusion reflects an intentional intrusion upon private matters which would be highly offensive to a reasonable person." *Maus v. Belger Cartage Serv., Inc.*, No. 96-1257, 1996 WL 748056, at *2 (D. Kan. Dec. 27, 1996) (citing *Werner v. Kliewer*, 238 Kan. 289, 294, 710 P.2d 1250 (1985)). In support of its motion, defendants cite *Maus* and two other cases from this district, *Ulrich v. K-Mart*, 858 F. Supp. 1087 (D. Kan. 1994) and *Haehn v. City of Hoisington*, 702 F. Supp. 1526 (D. Kan. 1988). In all three of these cases, the court dismissed the plaintiff's intrusion upon seclusion invasion of privacy claim as insufficient to state a claim. In *Maus*, the court stated that allegations of general sexual joking and touching do not constitute an invasion of privacy. 1996 WL 748056, at *3. Similarly, the *Haehn* court found that the claim failed because "[p]laintiff has not shown that the defendants made intrusive or coercive sexual demands upon her such that they constituted an examination into her private concerns, that is, improper inquiries into her personal sexual proclivities or personality." 702

F. Supp. at 1532 (internal quotations omitted). The court specifically stated that sexual comments and gestures do not constitute an invasion of privacy. *Id.* The *Ulrich* court simply held an intrusion upon seclusion claim was not actionable because the alleged incident took place in a work area freely accessible to all employees. 858 F. Supp. at 1095.

In an attempt to defeat the motion, Ms. Topolski cites *Greenhorn v. Marrriot International, Inc.*, 258 F. Supp.2d 1249 (D. Kan. 2003). This court stated two important holdings on the invasion of privacy claim—that an intrusion upon seclusion invasion of privacy claim does not automatically fail because the incident occurred at the workplace and that allegations of coercive sexual demands could be sufficient to state a claim for invasion of privacy. *Id.* at 1261-62.

This court agrees that the intrusion upon seclusion invasion of privacy claim does not fail simply because it occurred at the workplace. But Ms. Topolski's specific allegations fail to state a claim. Like *Maus* and *Haehn*, Ms. Topolski alleges Mr. Peterson intruded upon her seclusion when he touched her and assaulted her. She further alleged she was forced to listen to Mr. Peterson tell stories about his sexual exploits and extramarital affairs. Yet she does not allege Mr. Peterson pried into her private affairs or concerns or that he made any coercive sexual demands. *See Greenhorn*, 258 F. Supp.2d at 1261-62; *Haehn*, 702 F. Supp. at 1531. Simply put, the conduct alleged is not the type protected by an intrusion upon seclusion cause of action. Therefore, Ms. Topolski's invasion of privacy Count is dismissed.

### D. Negligent Supervision

Defendants contend the negligent supervision claim must be dismissed because Ms. Topolski was an employee of Chris Leef, not a third party. This court has held that Kansas restricts negligent

supervision cases to situations in which a member of the public, not an employee, is the alleged victim of another employee's tortious activity. *See Farris v. Bd. of County Comm'rs of Wyandotte County, Kan.*, 924 F. Supp. 1041, 1051 (D. Kan. 1996); *Beam v. Concord Hosp., Inc.*, 920 F. Supp. 1165, 1168 (D. Kan. 1996); *Witt v. Roadway Express*, 880 F. Supp. 1455, 1464-65 (D. Kan. 1995). Following those courts, this court concludes Kansas would not recognize the cause of action for negligent supervision brought by Ms. Topolski, and the claim is dismissed.

### E. Hostile Work Environment on the Basis of Sex

Defendants seek to dismiss this claim against Mr. Peterson because "personal liability suits against individual supervisors are inappropriate under Title VII." *Hayes v. Williams*, 88 F.3d 898, 901 (10th Cir. 1996). Ms. Topolski agrees. Thus, this court dismisses Count V against Mr. Peterson individually. But Ms. Topolski argues Mr. Peterson must remain a named defendant in this Count in his official capacity as the "owner and alter-ego" of Chris Leef. Dkt. No. 23, pg. 9. Defendants argue Ms. Topolski did not plead the alter-ego theory in her Complaint, thus, even the "official" capacity claims against Mr. Peterson should be denied. The dispute is moot, however, because the claim against Mr. Peterson in his official capacity is redundant of the claim against Chris Leef. *See Lewis v. 4B Corp.*, No. 03-4194, 2004 WL 1834641, at *2-3 (D. Kan. May 12, 2004) (citing *Gallardo v. Bd. of County Comm'rs, Kearny County, Kan.*, No. 94-4064, 1995 WL 106366, at *2 (D. Kan. Jan. 11, 1995)). Thus, this Count shall be dismissed as to Mr. Peterson in his official capacity as well.

*F. Disparate Treatment and Discrimination on the Basis of Sex*

For the same reason stated above in Section E, this Count is dismissed as to Mr. Peterson in its entirety.

*G. Respondeat Superior*

Next, defendants argue the court should dismiss Ms. Topolski's hostile work environment sexual harassment claim as to Chris Leef because respondeat superior is inapplicable to this claim. Defendants are mistaken. Generally, employers may be subject to respondeat superior liability for the torts of their employees committed while acting in the scope of employment. RESTATEMENT (SECOND) OF AGENCY § 219(1). This theory does not apply in hostile environment claims "because harassing an employee is outside of the scope of the supervisor's authority." *Ridge v. HCA Health Servs. of Kan., Inc.*, No. 91-1280, 1992 WL 363686, at *6 (D. Kan. Nov. 3, 1992). But an employer may be held liable for the conduct of its supervisor if it acted negligently or recklessly. *See id.*; *see also* RESTATEMENT (SECOND) OF AGENCY § 219(2)(b). "The test is whether the employer knew or should have known of the supervisor's conduct." *Ridge*, 1992 363685, at *6 (quotations omitted). The court must determine whether the employer had actual or constructive knowledge of the harassment and whether the employer failed to remedy the harassment or failed to stop it. *Id.*

Here, Ms. Topolski has adequately plead a hostile work environment claim against Chris Leef. She alleges she informed Mr. Peterson that his behavior was inappropriate. And because Mr. Peterson is the owner of Chris Leef, knowledge on the part of Chris Leef is inferred. Thus, the court denies defendants' motion to dismiss Ms. Topolski's respondeat superior theory of liability on the hostile work environment claim.

8

*H. Wrongful Termination*

Last, defendants contend the court must dismiss Ms. Topolski's wrongful termination claim because her termination does not fit within the exceptions to at-will employment. Ms. Topolski argues the court should not dismiss this claim because her termination was in violation of the policies and procedures set forth in Chris Leef's employment handbook, and because the termination was against state public policy.

First, that there was a company handbook and procedures in place for terminating an employee does not mean Ms. Topolski had an express or implied contract for employment based on the handbook. And she does not allege that anyone "implied" to her that the duration of her employment was based on the handbook. The court cannot infer the existence of contractual employment from these general allegations.

Second, under Kansas law, an employee may be fired at any time or for any reason, unless there is an express or implied contract governing the duration of employment. *Campbell v. Husky Hogs, L.L.C.*, 292 Kan. 225, 227, 255 P.3d 1, 3 (2011) (citing *Morriss v. Coleman Co.*, 241 Kan. 501, 510, 738 P.2d 841 (1987)). There are five recognized exceptions to this rule: "(1) filing a claim under the Kansas Workers Compensation Act, K.S.A. 44–501 *et seq* ; (2) whistleblowing; (3) filing a claim under the Federal Employers Liability Act (FELA), 45 U.S.C. § 51 (2006) *et seq*.; and (4) exercising a public employee's First Amendment right to free speech on an issue of public concern." And in *Campbell* the Kansas Supreme Court recognized that filing a wage claim under the Kansas Wage Payment Act was an exception. *Id.* at 228, 234, 255 P.3d at 4, 7.

Citing *Campbell*, Ms. Topolski urges this court to find that a common law tort of retaliatory discharge exists under the Kansas Act Against Discrimination. *Campbell* is not persuasive because

9

Ms. Topolski does not allege she was fired after filing a complaint under KAAD. In fact, she does not even allege a claim under KAAD. Rather she contends she was fired after telling Mr. Peterson his behavior was inappropriate and for refusing to sign an unconscionable non-compete agreement. These allegations do not fit within the exceptions listed above. Therefore, for the above-stated reasons, Ms. Topolski's claim for wrongful termination must be dismissed.

IT IS ACCORDINGLY ORDERED this 22nd day of March 2012, that defendants Chris Leef General Agency, Inc and Gary Peterson's Partial Motion to Dismiss for Failure to State a Claim (Dkt. No. 15) is granted in part and denied in part. The court grants the motion on Counts II, III, IV, and VII and grants the motion as to Mr. Peterson on Counts V and VI. The motion is denied as to the remaining Counts.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE

10