IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ANNJA TOPOLSKI,
          Plaintiff,

                  vs.                  Case No. 11-CV-02495-JTM

CHRIS LEEF GENERAL AGENCY, Inc.
                  and
GARY PETERSON, individually, and as an
Officer, Director, and Shareholder of Chris
Leef General Agency, Inc.
          Defendants.

MEMORANDUM AND ORDER

Plaintiff, Annja Topolski, moves for sanctions against defendants, Chris Leef Agency and Gary Peterson, under D. Kan. R. 16.3(c)(2) which requires attendance at court-ordered mediation by a representative with actual settlement authority. Similarly, Ms. Topolski contends the defendants disobeyed a court order requiring attendance by a person with settlement authority and should be sanctioned under Fed. R. Civ. P. 16(f). For the reasons stated below, the court denies plaintiff's Motion for Sanctions.

**I. Factual Background**

On March 30, 2012, this court ordered mediation between the parties to occur on April 4, 2012. The Order required that "[t]he attorney responsible for the trial of the case and a person having actual settlement authority will be present at the conference." (Dkt. No. 29, p. 2)

(emphasis in original). The mediation took place as scheduled before Larry Rute of Associates in Dispute Resolution, LLC. Ms. Topolski and her attorney attended the mediation and possessed full authority to settle the lawsuit. Mr. Peterson and his attorney also attended the mediation. It is undisputed that Mr. Peterson had full authority to settle the suit on behalf of himself and his company, Chris Leef Agency. However, at least some of Ms. Topolski's claims against Mr. Peterson might be insured by an outside insurance company that was not represented at the mediation. The parties dispute when the mediator learned of the existence of the insurance coverage and that an insurance representative would not be attending the mediation.

## II. Analysis

"A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules." *Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002). The court considers Ms. Topolski's Motion for Sanctions according to authority provided in Fed. R. Civ. P. 16(f)(1) which includes that a court may "issue any just orders" for a party's failure to obey court orders and D. Kan. R. 11.1(c) which gives the court discretion to order sanctions after considering the surrounding circumstances.

*A. Sanctions Under D. Kan. R. 16.3(c)(2) Are Inappropriate According to the Language of the Rule*

Citing D. Kan. R. 16.3(c)(2), Ms. Topolski claims that sanctions are appropriate because Mr. Peterson did not have authority to settle the suit without a representative of his insurance carrier who was not present at the mediation. In order to encourage good faith attempts at mediation, D. Kan. R. 16.3(c)(2) states that "[a]ttendance by a party or its representative with settlement authority at the mediation is mandatory, unless the court orders otherwise." The next

section outlines requirements for informing the mediator and nonparties:

> Attorneys must coordinate with the mediator and identify any nonparties who have an interest in the case (including, but not limited to, primary and excess liability insurance carriers, subrogees, and lienholders). The attorneys must provide written notice to all interested nonparties informing them of the date and location of the mediation and that their participation is strongly encouraged. A copy of such notice must be provided to all parties and the mediator.

D. KAN. R. 16.3(c)(3).

The named defendants in this case are Mr. Peterson and Chris Leef Agency. Mr. Peterson's insurance carrier is not a named party in the suit. D. Kan. R. 16.3(c)(2) only requires attendance by "a party or its representative" and not insurance carrier nonparties. Accordingly, Mr. Peterson's insurance representative was not required to attend the mediation. However, Mr. Peterson was required to encourage the insurance representative to attend and inform both the mediator and Ms. Topolski of the situation. Mr. Peterson contends he "had a representative from the insurance carrier available at all times during the mediation." (Dkt. No. 45, pg. 2). Ms. Topolski claims she was unaware of the insurance coverage until after the mediation. (Dkt. No. 39, pg. 2). Regardless, considering the entirety of this situation, this is not an appropriate circumstance in which to order sanctions.

*B. Sanctions Under Fed. R. Civ. P. 16(f) Are Inappropriate Under the Circumstances*

Ms. Topolski also contends that sanctions are appropriate under Fed. R. Civ. P. 16(f) because Mr. Peterson disobeyed this court's Order which mandated that each party bring a representative with actual settlement authority.

Rule 16(f)(2) of the Federal Rules of Civil Procedure allows a court to impose fees, costs, and sanctions for "noncompliance" with court management of pretrial conferences. This court previously ordered the parties to engage in good faith efforts at settlement through structured

mediation in which "[t]he attorney responsible for the trial of the case and a person having actual settlement authority <u>will</u> <u>be</u> <u>present</u> <u>at</u> <u>the</u> <u>conference</u>." (emphasis in original).

The case that put Kansas attorneys on notice regarding the requirement of settlement authority at court-ordered mediation was *Turner v. Young*, 205 F.R.D. 592 (D. Kan. 2002). In *Turner*, a lower-level insurance representative appeared at the mediation with a budget of $25,000 to settle the case. *Id*. at 593-94. At the outset, the scope of the mediation changed to include only some of the plaintiff's claims. *Id*. at 594. The insurance representative who attended was forced to call a higher-up to receive a new budget for the now smaller scope of litigation. *Id*. The court commented that the insurance representative who attended "is a paradigm example of the type of person who does not have the required settlement authority." *Id*. at 595. The court concluded that the higher-up in the insurance company should have attended the mediation instead and was the person with actual settlement authority. *Id*. The court in Turner did not issue sanctions because of a lack of precedent on the issue, but indicated it would do so in similar situations from that point forward. *Id*.

Conversely, the court in *E.E.O.C. v. Akal Security, Inc*., refused to issue sanctions when a party appeared at mediation without an insurance representative. No. 08-1274-JTM, 2010 WL 3791705 (D. Kan. Aug. 31, 2010). The court reasoned that there was no need for an insurance representative to attend the mediation because the insurance deductible was inapplicably high at $1,000,000. *Id*. The court also noted that there was no clear way for the defendant to compel the attendance of the insurance representative short of litigation. *Id*.

Here, Fed. R. Civ. P. 16(f) clearly authorizes this court to issue sanctions, costs, and fees for "non-compliance" with the mediation Order. This court specifically required counsel to appear at mediation with "a person having actual settlement authority." It is undisputed that Mr.

4

Peterson had "actual settlement authority" to settle in his personal capacity and on behalf of Chris Leef Agency as its manager and sole owner. However, Mr. Peterson did not possess authority concerning how much his insurance company would pay to settle the claims.

As in *Turner*, Mr. Peterson chose to rely on an insurance representative that was "available" but not present. But, in *Turner*, the insurance coverage was central to the settlement process indicated by the phone calls to the higher-up insurance representative once the scope of mediation changed. Here, there is no evidence that the mediation required the presence of the outside insurance representative in order to achieve a successful result, or at least to comply with the court's order. Additionally, like in *Akal Security*, Mr. Peterson had no ability to compel the insurance company to attend. From the court's perspective, this case rests somewhere between the irrelevant non-attendance of the insurance representative in *Akal Security* and the non-attendance of the crucial settlement authority in *Turner*. Regardless, there was no clear violation of a court order and sanctions are inappropriate.

IT IS ACCORDINGLY ORDERED this 6th day of August, 2012, that plaintiff's Motion for Sanctions is denied.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE