IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **ANNJA TOPOLSKI,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**CHRIS LEEF GENERAL AGENCY** )<br>**INCORPORATED, ET AL.,** )<br>)<br>**Defendants,** )<br>)<br>_____ ) | Case No. 11-2495-JTM-KMH |

## MEMORANDUM AND ORDER

This matter is before the court on plaintiff's motion for leave to amend her complaint to: 1) eliminate previously pled counts dismissed by the court; 2) conform the pleading to evidence; 3) clarify her retaliation claim; and 4) renew her assault claim under Arizona law. (Doc. 34).[1] Defendants oppose the motion arguing that certain aspects of the proposed amended complaint are futile and untimely. For the reasons set forth below, the motion to amend shall be GRANTED.

---

[1] Plaintiff's motion for leave to file her reply brief out of time (Doc. 46) is unopposed and **GRANTED.** The court has considered plaintiff's reply brief in ruling on the motion to amend.

**Background**

Plaintiff, a former employee of Chris Leef General Agency Inc. (CLGA), alleges that she was subjected to a sexually hostile workplace and other abusive conduct by her immediate supervisor, Gary Peterson. CLGA is an insurance agency and Mr. Peterson is the sole shareholder. Plaintiff's original complaint asserted Title VII claims for a sexually hostile workplace and disparate treatment and state law claims for negligent infliction of emotional distress, assault, invasion of privacy, negligent supervision, respondeat superior, and wrongful termination. Defendants moved for partial dismissal of the claims and their motion was granted in part and denied in part. Memorandum and Order, Doc. 27. Plaintiff now seeks leave to amend to correct/supplement some of the deficiencies in her original complaint.

**Motion To Amend**

The standard for permitting a party to amend her pleading is well established. Without an opposing party's consent, a party may amend her pleading only by leave of the court. Fed. R. Civ. P. 15(a).[2] Although such leave to amend "shall be freely given when justice so requires," whether to grant leave is within the court's discretion. Panis v. Mission Hills Bank, 60 F.3d 1486, 1494 (10th Cir. 1995)(citing Woolsey v. Marion Labs., Inc., 934 F. 2d 1452, 1462 (10th Cir. 1991)). In exercising its discretion, the court must be "mindful

---

[2] A party may amend its pleading once as a matter of course before a responsive pleading is filed. The time for amending "as a matter of course" is long past.

of the spirit of the federal rules of civil procedure to encourage decisions on the merits rather than on mere technicalities." Koch v. Koch Industries, 127 F.R.D. 206, 209 (D. Kan. 1989). The court considers a number of factors in deciding whether to allow an amendment, including timeliness, prejudice to the other party, bad faith, and futility of amendment. Hom v. Squire, 81 F.3d 969, 973 (10th Cir. 1996). "Untimeliness alone may be a sufficient basis for denial of leave to amend." Las Vegas Ice & Storage Co. v. Far West Bank, 893 F.2d 1182, 1185 (10th Circuit, 1990). "Where the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend is subject to denial." Id., (quoting State Distributors, Inc. v. Glenmore Distilleries Co., 738 F.2d 405 (10th Cir. 1984).

The scheduling order (Doc. 21) established an April 20, 2012 deadline for any party to request permission to amend the pleadings. Plaintiff filed her motion on April 20, 2012; therefore, the motion was timely in the context of the scheduling order deadline. As discussed in greater detail below, defendants argue that portions of the amended complaint should be denied as futile.

**Assault Allegations**

Plaintiff asserted an assault claim in her original complaint and defendants moved to dismiss, arguing that the claim was barred by the one-year statute of limitations found in K.S.A. 60-514. Judge Marten agreed that the Kansas one-year statute of limitations would bar the claim but, at plaintiff's request, dismissed the assault claim **without prejudice.** Then

plaintiff moved to amend to clarify that the assault took place in Arizona and that Arizona has a two-year statute of limitations for assault. The choice of law and Arizona statute of limitations have not been addressed by defendants; therefore, the court is not persuaded that the amendment would be futile. Plaintiff shall be granted leave to amend her assault allegations.

**Retaliation**

Count VI of plaintiff's proposed amended complaint seeks to add a claim of retaliation against both defendants. Defendants contend that the amendment is futile because Judge Marten previously ruled that plaintiff's Title VII claims "against Mr. Peterson in his official capacity is redundant of the claims against" CLGA. Doc. 27, p. 7 & 8. The difficulty with defendants' argument is that Judge Marten noted there was no "alter-ego" theory alleged in the original complaint. Plaintiff's amended complaint now alleges that Mr. Peterson is personally liable under an alter-ego theory and, unfortunately, neither party has adequately addressed the alter-ego theory in their briefs.

Defendants also argue that the retaliation claim is futile because plaintiff did not file her claim for retaliation within ninety days of receiving her right-to-sue letter from the EEOC. However, plaintiff's lawsuit was filed within ninety days of her right-to-sue letter and neither party addresses the relation-back provisions of Fed. R. Civ. P. 15(c). The court is unwilling to rule that the claim is futile given the lack of meaningful briefing concerning the 90-day issue and the relation-back doctrine.

**Alter-Ego and Piercing the Corporate Veil Theories**

Defendants argue that the alter-ego theory is futile because Judge Marten "has already ruled it is redundant of the claim against" CLGA. The court is not persuaded that Judge Marten ruled on the alter-ego theory in his previous ruling. As noted above, Judge Marten observed there was no alter-ego theory alleged in the original complaint. The court is not persuaded that the alter-ego theory is futile based on Judge Marten's earlier ruling.

### Summary

Plaintiff's motion for leave to amend was filed within the scheduling order deadline and is therefore timely filed. Defendants' futility arguments are based, in large part, on an earlier motion to dismiss and Judge Marten's March 22, 2012 <u>Memorandum and Order</u>. However, defendants carry the burden of showing that the motion to amend is futile and their brief does not show that the proposed amendments are futile as a matter of law. The motion to amend will be granted and defendants can assert their defenses through a more fully developed dispositive motion.

**IT IS THEREFORE ORDERED** that plaintiff's motion to amend **(Doc. 34)** is **GRANTED.** Plaintiff shall file and serve her amended complaint by **September 17, 2012.** The rulings herein are without prejudice to any defenses defendants may assert in any future dispositive motion.

**IT IS FURTHER ORDERED** that plaintiff's motion for leave to file her reply brief

out of time **(Doc. 46)** is **GRANTED.**  The reply brief is reflected as docket entry 47 and no further action is necessary to file the brief.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 7th day of September 2012.

S/ Karen M. Humphreys
_____
KAREN M. HUMPHREYS
United States Magistrate Judge